**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Shemya Denise Gray, | No. CV-24-00079-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Rehbock, et al., | |
| Defendants. | |

At issue are Defendant AZ Sookster LLC's motion to dismiss (Doc. 15) Plaintiff Sheyma Denise Gray's second amended complaint ("SAC") (Doc. 11), and Gray's motion for leave to file a third amended complaint ("TAC") (Doc. 18). For reasons explained below, the Court grants AZ Sookster's motion to dismiss and denies Gray's motion for leave to amend.

**I.    Background**

Gray alleges that she has depression, bipolar disorder, schizophrenia, obsessive compulsive disorder, personality disorders, and anxiety. (Doc. 11 at 8.) She claims that she was hired as a driver by AZ Sookster in August 2022, that the executive director of the company "began to yell at [her]" after he "found out about [her] disabilities;" that on one occasion she was told not to talk to one of the developmentally disabled clients that she was charged with transporting because she was hired as a driver and not as a counselor; that she was suspended twice for talking with this client despite instructions not to do so;

and that she resigned her position in February 2023 because she did not feel safe working with the executive director. (*Id.* at 7, 9-17.)

Gray accuses AZ Sookster of violating Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act ("ADA") of 1990. (*Id.* at 3.) Under a section asking her to describe the discriminatory conduct at issue, Gray checked boxes for "termination of employment," "failure to accommodate my disability," and "retaliation." (*Id.* at 4.) Her SAC, however, contains no allegations related to disability accommodations, retaliation, or racial discrimination. Instead, as explained in an order dismissing the first iteration of Gray's complaint:

> The Court understands the complaint to be alleging a hostile work environment claim based on actual or perceived disability. Gray claims that her supervisor treated her poorly and insulted her after learning of her disability, and this maltreatment eventually led Gray to resign (essentially, a constructive discharge). Though other circuits have recognized that hostile work environment claims are cognizable under the ADA, *see Ford v. Marion Cnty. Sheriff's Office*, 942 F.3d 839, 852 (7th Cir. 2019) (surveying cases), the Ninth Circuit has only ever assumed that such a claim exists, *see Brown v. City of Tucson*, 336 F.3d 1181, 1190 (9th Cir. 2003); *Denning v. Cty. of Washoe*, 799 F. App'x 547 (9th Cir. 2020); *Mulligan v. Lipnic*, 734 F. App'x 397, 400 (9th Cir. 2018). If such a claim exists, however, it would require allegations of harassment "sufficiently severe or pervasive to alter the terms and conditions of . . . employment and create an abusive work environment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998).

(Doc. 6 at 2.)

AZ Sookster moves to dismiss the SAC in its entirety. (Doc. 15.) AZ Sookster argues that Gray cannot pursue retaliation or race discrimination claims because she did not exhaust her administrative remedies by raising allegations of retaliation or race discrimination with the Equal Employment Opportunity Commission ("EEOC"). (*Id.* at 3-5.) AZ Sookster also argues that Gray's SAC fails to state a plausible disability-based hostile work environment claim. (*Id.* at 6-8.)

In addition to responding to AZ Sookster's motion to dismiss, Gray moves for leave to file a TAC. (Doc. 18.) Her proposed TAC unchecks the box for "retaliation," (Doc. 19

- 2 -

at 4), attaches portions of AZ Sookster's response to her EEOC Charge of Discrimination ("Charge") (*Id.* at 14-16), and adds allegations that company dress code policies were applied differently to her because of her race, and that a white coworker who trained her yelled at her for driving away before a client she dropped off went inside the building, but did not yell at a white driver for doing the same thing (*Id.* at 19).

AZ Sookster opposes leave to amend, arguing that the new allegations do not make Gray's hostile work environment claim plausible, and that the racial discrimination allegations cannot be pursued because they never were presented to the EEOC. (Doc. 21.)

## II.     Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), dismissal of a complaint is appropriate when a plaintiff fails to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Leave to amend should be given freely. Fed. R. Civ. P. 15(a)(2). When assessing whether to grant leave to amend, the Court considers factors such as: "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended [her] complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

## III.     Analysis

### A. Gray's Retaliation and Race Discrimination Claims Are Unexhausted

Gray's retaliation and race discrimination claims must be dismissed because Gray did not raise these allegations with the EEOC. *See* 42 U.S.C. § 2000e-5(e), (f); 42 U.S.C. § 12117(a). "Before bringing a Title VII claim in district court, a plaintiff must exhaust her administrative remedies by timely filing a charge with the EEOC, thereby affording the agency an opportunity to investigate the charge. Timely exhaustion of administrative remedies is a statutory requirement to filing suit under Title VII." *Hukman v. Alaska*

*Airlines Inc.*, No. CV-18-01104-PHX-DLR, 2018 WL 6928741, at *1 (D. Ariz. Nov. 7, 2018) (internal citations omitted). The same is true for claims brought under the ADA. *See McNeil v. Maxim Healthcare Servs.*, No. CV-23-00966-PHX-DLR, 2024 WL 4266599, at *2 (D. Ariz. Sept. 23, 2024). When determining whether a plaintiff has exhausted allegations that she did not specify in her administrative charge, "it is appropriate to consider such factors as the alleged basis of the discrimination, dates of discriminatory acts specified within the charge, perpetrators of discrimination named in the charge, and any locations at which discrimination is alleged to have occurred." *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1100 (9th Cir. 2002), *abrogated on other grounds by Fort Bend Cnty., Texas v. Davis*, 587 U.S. 541 (2019). Additionally, "the court should consider plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case." *Id.*

Gray did not exhaust her administrative remedies with respect to her claim that she was retaliated against for engaging in activities protected by Title VII or the ADA. Her Charge contained no allegations related to retaliation. It did not even use the words "retaliate" or "retaliation." Notably, Ms. Gray appears to concede that she cannot maintain a retaliation claim because her proposed TAC leaves the box for "retaliation" unchecked. (Doc. 19 at 4.) For these reasons, the Court will dismiss Ms. Gray's retaliation claim.

Nor did Gray exhaust her claim of racial discrimination. Her SAC contains no factual allegations of racial discrimination. Those appear only in her proposed TAC. But Gray's proposed allegations—that company dress code policies were applied differently to her because of her race, and that while being trained by a white coworker she was verbally reprimanded for conduct that a white driver was not reprimanded for engaging in—are found nowhere in her Charge before the EEOC. Instead, the factual basis for her Charge pertained to her alleged disabilities, mirroring the allegations in her SAC. Specifically, Gray reported to the EEOC that the executive director of AZ Sookster "began to yell at [her]" after he "found out about [her] disabilities;" that on one occasion she was told not to talk to one of the developmentally disabled clients that she was charge with transporting;

1 that she was suspended twice; and that she resigned her position because she did not feel
2 safe working with the executive director. (Doc. 11 at 9.) Because Gray did not report any
3 specific instances of perceived racial discrimination to the EEOC, she did not give the
4 agency an opportunity to investigate any such allegations and did not fairly apprise AZ
5 Sookster of the claim during the administrative phase. The Court therefore dismisses
6 Gray's racial discrimination claim.

**B. Gray's SAC Does Not State a Plausible Hostile Work Environment Claim**

As the Court noted in its prior dismissal order, the Ninth Circuit has only ever assumed that hostile work environment claims are cognizable under the ADA. If such a claim exists, however, it requires allegations of harassment "sufficiently severe or pervasive to alter the terms and conditions of . . . employment and create an abusive work environment." *Faragher*, 524 U.S. at 788. The Supreme Court has described this standard as "demanding to ensure that" statutes like the ADA "do not become a 'general civility code.'" *Id.* The Ninth Circuit has affirmed the dismissal of ADA hostile work environment claims predicated on isolated instances of mistreatment. *See, e.g., Garity v. APWU Nat'l. Labor Org.*, 655 Fed. App'x 523, 524 (9th Cir 2016); *Denning*, 799 Fed. App'x. at 547-58.

Gray's allegations fall short of the demanding standard for hostile work environment claims. Gray vaguely claims that her supervisor yelled at her after learning of her disabilities. But she also acknowledges that she was disciplined for disobeying orders not to talk with the developmentally disabled clients she was charged with transporting because she was not a counselor. Although Gray might have felt offended by the tone her supervisor used to communicate with her, the allegations in her SAC do not plausibly establish a severely and pervasively abusive work environment. This claim will be dismissed.

**C. Leave to Amend is Denied**

The Court denies Gray's motion for leave to amend for two reasons. First, the proposed amendments are futile. Gray cannot pursue claims of racial discrimination that she did not first air with the EEOC during the administrative phase of her case. Nothing in

her proposed TAC cures her failure to present the EEOC with these allegations of racial discrimination. And with respect to her ADA hostile work environment claim, Gray has alleged no facts elevating her perceived mistreatment to severe and pervasive workplace abuse. Second, Gray has already amended her complaint twice. Her proposed TAC represents her fourth bite at the apple. Given this history, the Court finds it unlikely that Gray could cure the deficiencies in her complaint with a fourth opportunity to amend.

### D. AZ Sookster's Request for Attorney Fees is Denied

AZ Sookster includes at request for attorney fees in the conclusion section of its motion to dismiss. (Doc. 15 at 9.) This request is denied without prejudice because it does not comply with Local Rule of Civil Procedure 54.2.

### E. Gray's First Amended Complaint ("FAC") (Doc. 7), SAC (Doc. 11), and Proposed TAC (Doc. 19) Will be Sealed Per Federal Rule of Civil Procedure 5.2(e)

Lastly, AZ Sookster requests that the Court redact Gray's complaint because it includes attachments that identify the full name of a developmentally disabled client. (Doc. 15 at 9.) On review, this appears to be an issue impacting Gray's FAC, SAC, and proposed TAC, but not her original complaint. Rule 5.2(a) requires that parties redact certain categories of private information from their filings. Names of adults are not included in this list, and AZ Sookster does not contend that its clients are minors. Rule 5.2(e), however, allows the Court, for good cause, to require the redaction of additional information. Here, the Court finds good cause for shielding the full names of AZ Sookster's developmentally disabled clients from public disclosure because such disclosure necessarily also discloses sensitive health information about non-parties. The Court will order the Clerk to seal Gray's FAC, SAC, and proposed TAC because they include the full name of one such client.

**IT IS ORDERED** as follows:

1. AZ Sookster's motion to dismiss (Doc. 15) is **GRANTED**.
2. Gray's motion for leave to amend (Doc. 18) is **DENIED**.

3. The Clerk is directed to seal Docket Entries 7, 11, and 19.

4. The Clerk is further directed to terminate this case.

Dated this 12th day of March, 2025.

Douglas L. Rayes
Senior United States District Judge